## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

PHILIP HOLT                                                                          PLAINTIFF
ADC #167204

v.                              No: 4:20-cv-01130 LPR-PSH


BILL GILKEY                                                                          DEFENDANT


## <u>ORDER</u>

The Court has reviewed the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris.   No objections have been filed.   After careful consideration of the Recommendation and the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings to the extent that the Recommendation recommends dismissal without prejudice of Mr. Holt's claims for injunctive relief.

Mr. Holt does not mention damages in his prayer for relief.  (Doc. 5 at 5, 14).  Nevertheless, it is possible to conclude that Mr. Holt is also seeking damages if the Court construes the *pro se* Amended Complaint *extraordinarily* liberally.[1]  To the extent Mr. Holt is seeking damages against Mr. Gilkey in his official capacity, those claims fail because Mr. Holt did not identify an official government policy or custom that caused his injury.  *See, e.g., Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015) (unreported); *Gladden v. Richbourg*, 759 F.3d 960, 968 (8th Cir. 2014). In fact, Mr. Holt failed to allege that he suffered any personal injury in all but one of his claims.

---

[1]  The Amended Complaint states that "Bill Gilkey should be held personally responsible, as well as liable, for claims listed in this filing, *as well as the damages of those claims . . . .*"  (Doc. 5 at 6) (emphasis added); *see also* (*Id.* at 6-7) (asking to hold Mr. Gilkey "liable" for certain claims).   Mr. Holt later requests "any other and all relief this court deems necessary and proper in regards to this filing."  (*Id.* at 14).

To the extent Mr. Holt failed to identify any actual injury, both the official capacity and individual capacity claims are deficient and denied for failure to state a claim.

The only claim in which Mr. Holt alleges that he was personally injured states that Mr. Holt was attacked by another inmate.  (Doc. 5 at 13).  He asserts that he "suffered a severe laceration above [his] left eye that required treatment" at the hospital.  (*Id.*).  But Mr. Holt does not allege that Mr. Gilkey was personally involved in this attack.  "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.1990) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).  Nor does Mr. Holt's Amended Complaint come close to asserting the facts necessary to state a failure-to-protect claim.  *See Farmer v. Brennan*, 511 U.S. 825, at 833-38 (1994) (explaining that prison officials have a duty to protect prisoners from violence when (1) a prison condition poses an objective and substantial risk of serious harm, and (2) when the official knows of, and disregards that risk).

IT IS THEREFORE ORDERED THAT Mr. Holt's Amended Complaint is DISMISSED WITHOUT PREJUDICE.  Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an *in forma pauperis* appeal of this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 7th day of December 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE